Paul M. GILLMOR and Lucy J. Gillmor, Plaintiffs,

v.

John J. QUINLIVAN, Defendant.

Civ. No. 7124.

United States District Court
N. D. Ohio, W. D.

June 8, 1956.

Brownfield & Malone, Lyman Brownfield, Columbus, Ohio, for plaintiffs.

Sumner Canary, U. S. Atty., Cleveland, Ohio, Clarence M. Condon, Asst. U. S. Atty., Toledo, Ohio, H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Harlan Pomeroy, Sp. Assts. to the Atty. Gen., for defendant.

KLOEB, District Judge.

Plaintiffs, husband and wife, seek to recover the sum of $5,576.17, plus interest, representing income taxes paid upon a gain realized by them in 1951 from the sale of a garage building to the Paul M. Gillmor Company, a corporation whose stock was wholly owned by plaintiffs.

The facts in this case are set forth in a stipulation filed on February 20, 1956.

On February 20, 1956, defendant moved to exclude paragraph 7 of the stipulations on the ground that the statements contained in such paragraph were irrelevant and immaterial to the issue in the case.

On March 19, 1956, the Court sustained the motion primarily on the ground that no memorandum in opposition to the motion had been filed by plaintiffs as required by the provisions of Rule 2(a) (3) of the Rules of the United States District Courts in Ohio and on the further ground that, under date of March 13, 1956, plaintiffs, through their counsel, by letter stated that they intended to file nothing further in the cause.

Under date of March 27, 1956, plaintiffs filed a motion for reconsideration of the motion to exclude paragraph 7 of the stipulations on the ground of a misunderstanding of the requirements of the Court, and the Court now feels that this motion for reconsideration ought to be and is sustained.

On May 3, 1951, the Ways and Means Committee of the House of Representatives announced its tentative decision to add Section 117(o) to the Internal Revenue Code of 1939, 26 U.S.C.A. § 117(o). The Committee report recommending such amendment was issued on June 18, 1951. On October 20, 1951, Congress enacted the Revenue Act of 1951 and, under Section 328 of this Act, Section 117(o) was added to the Internal Revenue Code of 1939. Section 328(b) made Section 117(o) applicable to tax years ending after April 30, 1951, and to transfers made after May 3, 1951.

On September 17, 1951, plaintiffs executed a warranty deed to the Paul M. Gillmor Company, and this deed was filed for record with the Recorder of Seneca County, Ohio, on September 29, 1951. The garage building so transferred by deed had been held by plaintiffs for more than six months, and was property of

such a character as that it was subject to allowance for depreciation provided in Section 23(*l*) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(*l*). At the time of the transfer, which was made on advice of counsel, the gain resulting to plaintiffs would be taxable as long term capital gain.

Under the Revenue Act enacted by Congress on October 20, 1951, and including Section 117 (*o*) and Section 328 (b), the retroactive provision making the section effective May 3, 1951, the gain to plaintiffs was taxable as ordinary income. Accordingly, in their joint income tax return for 1951, filed in March of 1952, plaintiffs reported the gain on this sale as ordinary income in accordance with Section 117 (*o*) and paid the income tax so reported. They now seek a refund in the sum of $5,576.17 on the ground that Section 328 of the Revenue Act of 1951 is unconstitutional in its retroactive application to the gain on the sale of the garage building to their corporation. It is plaintiffs' contention that the retroactive provision of the Act, whereby plaintiffs were required to pay tax at ordinary income rates on the garage transaction, is so arbitrary and capricious as to amount to a denial of due process under the Fifth Amendment to the Constitution.

We are of the opinion that Congress has the legislative power to impose income taxes by a new statute even though the measure of the tax is the income of the current year, part of which has elapsed when the statute is enacted, and that in the case before us the extension of the retroactive provision to May 3, 1951 is not so arbitrary and capricious as to amount to a denial of due process. Brushaber v. Union Pacific R. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493; Cooper v. United States, 280 U.S. 409, 50 S.Ct. 164, 74 L.Ed. 516; United States v. Hudson, 299 U.S. 498, 57 S.Ct. 309, 81 L.Ed. 370; Welch v. Henry, 305 U.S. 134, 59 S.Ct. 121, 83 L. Ed. 87. We, therefore, conclude that Section 328 of the Revenue Act of 1951 is not unconstitutional and that the complaint of plaintiffs ought therefore be dismissed.

Defendant may prepare findings of fact and conclusions of law, drawn in accordance with this memorandum opinion, and lodge the same with the Court within 15 days. Plaintiffs may prepare and file any exceptions or suggested additions thereto within 10 days thereafter.