**Raymond and Lillie H. ROBINSON,**
**Appellants,**

v.

**COMMISSIONER OF INTERNAL REV-**
**ENUE, Appellee.**

**No. 20578.**

United States Court of Appeals,
Eighth Circuit.

April 1, 1971.

E. L. Cullum, Little Rock, Ark., for appellants.

Ann E. Belanger, Atty., Tax Div., Department of Justice, for appellee; John-

nie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Bennet N. Hollander, Attys., Tax Division, Department of Justice, Washington, D. C., for appellee.

Before VOGEL and ROSS, Circuit Judges, and STEPHENSON, Chief District Judge.

PER CURIAM.

Petitioner and his wife seek to overturn a decision of the Tax Court which upheld a deficiency assessment against them for federal income tax liability for 1964.

Petitioner attempted to gain the beneficial income tax treatment of 26 U.S.C.A. § 453 by selling his insurance agency on an installment basis. Section 453(b) provides for deferred reporting of the gain from the installment sale of assets if in the year of the sale the payments received do not exceed 30% of the selling price. Before selling the business, petitioner spoke to the Internal Revenue Service and to his personal tax advisor in order to be sure that his proposed transaction would fall within this code provision. The parties have stipulated that on January 10, 1964, the date of the sale, petitioner had complied fully with § 453(b).

However, on February 26, 1964, Congress passed the Revenue Act of 1964 which added, inter alia, § 483 to the code. Section 483 provides that where property is sold with part of the payments due more than one year from the date of sale, and either no interest or interest below the rate prescribed by the Treasury Regulations is specified, a part of each payment due after the first six months from the date of sale shall be treated as interest. The provision, drawn to prohibit a seller from avoiding ordinary income liability by merely labeling receipts as selling price rather than interest, applies to payments made after December 31, 1963, on account of sales or exchanges of property after June 30, 1963, other than a sale or exchange pursuant to a written contract entered into before July 1, 1963. By reg-

ulations, the total imputed interest is not treated as part of the selling price of the asset. 26 CFR §§ 1.153–1(b) (2) and 1.483–2(a) (1). Thus, although petitioner's transaction occurred weeks before the statutory amendment was passed, it fell within the applicable dates and met the requisite conditions of the new enactment.

Pursuant to §§ 453 and 483 the Commissioner then reduced, for tax purposes, the agreed sale price of the petitioner's business by the total amount of imputed interest. Because the sale price had been reduced, the payment received by petitioner in the year of the sale was in excess of 30% of the selling price. Thus, the Commissioner determined that petitioner was not within the area protected by § 453 and assessed a deficiency for the unreported gain from the sale. The Tax Court upheld that determination, 54 T.C. No. 74, and petitioner asks this court to set that ruling aside.

Although the petitioner here and in the Tax Court argues against the retroactive application of § 483 to § 453 so to affect the tax consequences of the sale, we note that in 1967 he filed an amended return for the year 1964 in which he reduced his reported capital gain from the initial payment. This reduction resulted from the petitioner's reducing the sale price by the amount of unstated interest required by § 483. Thus, for that purpose he did not question the retroactive application of § 483.

Basically, the Tax Court reasoned and held as follows:

■ 1. Even though § 483 does not specifically refer to § 453, the former provision is applicable to § 453 because § 483 is couched in the comprehensive and unambiguous language that it is to apply for "purposes of this title" (the Internal Revenue Code, Title 26).

■ 2. Congress intended that the provisions of § 483 apply to a taxpayer in petitioner's position, see Shanahan v. United States, D.C.Colo., 1970, 315 F. Supp. 3, appeal pending, 10th Cir., and that such retroactivity was not improp-

er. See United States v. Hudson, 1937, 299 U.S. 498, 500–501, 57 S.Ct. 309, 81 L.Ed. 370; Gillmor v. Quinlivan, N.D. Ohio, 1956, 143 F.Supp. 440.

3. The Commissioner was not given the authority to limit the retroactive effect of this provision and his application of the section to petitioner was proper.

We agree with the thorough analysis and reasoned conclusion of the Tax Court and, on the basis of its opinion, we affirm.