Timothy L. SHANAHAN and Mary E.
Shanahan, Appellants,

v.

The UNITED STATES of America,
Appellee.

No. 596–70.

United States Court of Appeals,
Tenth Circuit.

Aug. 27, 1971.

Roger E. Stevens, Boulder, Colo., for appellant.

John A. Townsend, Tax Division, Department of Justice, Washington, D. C., for appellee.

Before HILL, McWILLIAMS and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

The appellants, Timothy L. and Mary E. Shanahan, appeal from the judgment of the District Court granting the Government a Summary Judgment. Shanahan v. United States, 315 F.Supp. 3 (D.

Colo.1970). The Shanahans filed suit under 28 U.S.C. § 1346(a) (1) and 26 U.S.C. § 7422(a) for refund of taxes paid in 1965 and 1966 in the amount of $7,979.62, alleging that the taxes were illegally assessed and collected in violation of the Fifth Amendment to the United States Constitution.

On January 22, 1964, Shanahan sold some real estate to Richard MacCornack. The sales contract provided for payment over a ten year period in a stated amount. Neither the contract nor the note executed by MacCornack contained any provision for interest on the unpaid balance of the purchase price. Each installment was treated by Shanahan as return of capital and capital gain.

On February 26, 1964, Congress added § 483 to the Internal Revenue Code of 1954 by § 224 of the Revenue Act of 1964. Section 483 provides that interest will be imputed in installment contracts on a portion of the installment payment where the sale provides for no interest or interest below that specified by the regulations. It was made retroactive to cover payments made after December 31, 1963 on account of sales and exchanges of property after June 20, 1963.

The appellants allege that § 483 cannot apply retroactively to a transaction completed about a month before its enactment. They assert that § 483 violates the due process clause of the Fifth Amendment in its retroactive application because it is arbitrary and capricious. They rely on Blodgett v. Holden, 275 U.S. 142 (1927), modified in 276 U.S. 594, 48 S.Ct. 105, 72 L.Ed. 206 (1928), in which the retroactive application of a gift tax was overturned and allege that it is apposite to the instant facts. Since *Blodgett* involves a gift tax statute it is distinguishable from our case which involves an income tax statute.

Appellants also rely on Untermyer v. Anderson, 276 U.S. 440, 48 S.Ct. 353, 72 L.Ed. 645 (1928) where the Court held that a gift tax could not have retroactive application. They cite *Untermyer* for the proposition that the taxpayers had no notice of the pending legislation and therefore cannot be penalized by its retroactive application.

*Untermyer* is distinguishable as a gift tax case to which different criteria apply. Also the force of *Untermyer* has been vitiated by Milliken v. United States, 283 U.S. 15, 51 S.Ct. 324, 75 L.Ed. 809 (1931) concerning the retroactive application of a regulation involving gifts made in contemplation of death. The Court stated that a tax is not invalid simply because of its retroactive application; the particular fact situation must be considered by the court. The Court upheld the retroactive application of a gift tax made in contemplation of death.

In Sidney v. C.I.R., 273 F.2d 928 (2d Cir. 1960), the Court stated that *Untermyer* only remains authority where there is a new tax under consideration. In any event neither *Blodgett* nor *Untermyer* is applicable because neither involved income tax statutes.

The United States Supreme Court has held that Congress may provide for the retroactive operation of income tax legislation. Welch v. Henry, 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87 (1938); United States v. Hudson, 299 U.S. 498, 57 S.Ct. 309, 81 L.Ed. 370 (1937); Lynch v. Hornby, 247 U.S. 339, 38 S.Ct. 543, 62 L.Ed. 1149 (1918). However, the justification for upholding retroactive income taxation does not apply to estate and gift taxes because it cannot be assumed that the taxpayer would dispose of his property in the same manner if he had known about the consequences in relation to the tax.

Retroactive application of income tax legislation has been upheld by the United States Supreme Court based on the Government's need for adequate revenue and the fact that taxes are not a penalty or contractual obligation, but a means of spreading the costs of government to those who benefit from it. Welch v. Henry, *supra*. Generally the Court will uphold the retroactive application of a tax to the beginning of a calendar year

or to the date it was first introduced. The rationalization for this criteria is to ease enforcement procedures and to include profits from transactions consummated while the statute was being enacted. The Court's decisions recognize this practice as consistent with due process. Milliken v. United States, *supra*; Cooper v. United States, 280 U.S. 409, 50 S.Ct. 164, 74 L.Ed. 516 (1930); Brushaber v. Union Pac. R. R. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916).

■ The test set forth in Welch v. Henry, *supra,* is to consider the nature of the tax and the circumstances in which it is laid. Retroactive operation is constitutional where it is not harsh, arbitrary or unfair.

■ In this case § 483 was made retroactive to the beginning of the calendar year which was less than two months prior to the date of its enactment. The short period of retroactivity was neither arbitrary nor unreasonable. Therefore we conclude that § 483 is applicable in determining appellant's income tax liability for 1965 and 1966.

The appellants also contend that § 483 creates a conclusive presumption that where no provision is made for interest in an installment sales contract then unstated interest will be imputed and that this provision violates the due process clause of the Fifth Amendment. They rely on Heiner v. Donnan, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772 (1932). There the Court dealt with a conclusive presumption that a gift transfer made within two years of the transferor's death was in contemplation of death. The Court held that the conclusive presumption was unconstitutional because it created an unreasonable classification; some gifts were taxed under the estate tax provision and some escaped the tax completely.

In the case at bar the classification is reasonable according to the criteria set forth in Welch v. Henry, *supra,* 305 U.S. at 144, 59 S.Ct. at 124:

"Any classification of taxation is permissible which has reasonable relation to a legitimate end of governmental action."

Section 483 does not create an unreasonable classification. It applies to all who sell property on a deferred or installment contract basis. The Government here argues that it is an economic reality that any installment sales contract will include an interest charge—that is, that no person will forfeit a known monetary benefit from the reasonable use and enjoyment of his property unless clearly intended as a gratuity. Even should we assume that there may be some ultimate tax advantage which would accrue to the seller who contracts for a sale on the installment basis without stated interest, this simply fortifies the "economic reality" contention. Unless clearly intended as a gift, a seller will not sacrifice interest on deferred installment purchase payments. From the possessory date agreed upon under the contract the seller is denied the economic benefit of direct use for gain or the reasonable rental value of the property if leased. Section 483 does include an incontrovertible fact.

■ The appellants allege that there must be a compelling need in order to justify a conclusive presumption, but we submit that a conclusive presumption will be upheld so long as it is reasonable. Jensen v. United States, 326 F.2d 891 (9th Cir. 1964); City of New Port Richey v. Fidelity & Deposit Co., 105 F.2d 348 (5th Cir. 1939); United States v. Davio, 136 F.Supp. 423 (E.D.Mich. 1955). Section 483, anchored as it is to an incontrovertible fact, is a reasonable method of preventing avoidance of ordinary income tax represented by interest payments on installment sales contracts. As such it has a reasonable relation to a legitimate governmental action.

■ The appellants further allege that § 483 discriminates against those who contract to sell property by an installment plan where the interest rate is more than one per cent below the current rate established by the regulations.

There is a one per cent differential between the acceptable minimum interest and the rate of imputed unstated interest. It is settled law that Congress has wide discretion in making classifications and they will be held invalid only where invidious and wholly devoid of any reasonable justification. Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 (1937); Andrus v. Turner, 421 F.2d 290 (10th Cir. 1970); Gruenwald v. Gardner, 390 F.2d 591 (2d Cir. 1968).

The one per cent differential is a de minimis rule to prevent use of the regulation where interest variations are minor. We hold that § 483 does not create an unconstitutional classification.

Affirmed.