**Ann J. APPENDRODT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 79–618.

United States District Court, W. D. Pennsylvania.

June 11, 1980.

Richard C. Witt, Loyal H. Gregg, Pittsburgh, Pa., for plaintiff.

Thomas A. Daley, Asst. U. S. Atty., Pittsburgh, Pa., Thomas Lawler, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM ORDER

ZIEGLER, District Judge.

I. *History of Case*

This is a civil action for refund of $1,253.12, plus interest, in federal income taxes paid for 1976. Jurisdiction is conferred by 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.

The facts are not in dispute. On September 8 and 16, 1976, Ann J. Appendrodt sold stock which resulted in a net long term capital gain of $35,704.28. One-half of this sum or $17,852.14 was treated as a capital gain on her tax return for that year. The sum of $17,852.14 is a tax preference item as defined in Section 57 of the Internal Revenue Code. 26 U.S.C. § 57 (1978).

In September, 1976, when plaintiff incurred the gain on the sale, Section 56 of the Internal Revenue Code, in substance, imposed a minimum tax on tax preferences at the rate of 10 percent of the amount of the item which exceeded the sum of $30,-000. Because plaintiff's tax preference of $17,852.14 did not exceed $30,000, the taxpayer reported no minimum tax on the tax preference for the year.

On October 20, 1976, Congress enacted the Tax Reform Act of 1976. The Act amended Section 56 of the Code and increased the rate of minimum taxation on tax preference items from 10 to 15 percent. It also reduced, insofar as here pertinent, the exemption on tax preferences from $30,000 to $10,000. For individuals, the revision of the minimum tax provisions set forth in the Tax Reform Act of 1976 was made applicable to taxable years commencing after December 31, 1975.

The Internal Revenue Service audited the taxpayer's return for 1976. In determining whether plaintiff owed any minimum tax on preference items, the Revenue Service applied the revised exemption provisions of Section 56 which established a 15 percent minimum tax on preference items in excess of $10,000. In so doing, the Service determined that plaintiff was subject to the revised minimum tax of Section 56, which resulted in a tax deficiency of $1,253.12.[1]

The taxpayer paid the deficiency and instituted the instant action contending that the retroactive application of the amendment to Section 56 of the Internal Revenue Code violates the due process clause of the Fifth Amendment to the Constitution. In particular the taxpayer asserts that, if she had known of the potential retroactive pronouncement by Congress, she would have deferred the sale of her stock.

Both parties have moved for summary judgment. We hold that the amendment to Section 56 merely increases the tax on preference items and lowers the statutory exemption. It does not create a wholly new tax. As a result, the statute is constitutionally sound notwithstanding its application to transactions which predated the Act within the same tax year. The motion of defendant for summary judgment will be granted, and the cross-motion of plaintiff for judgment will be denied.

## II. *Discussion*

Section 56 of the Internal Revenue Code of 1954 imposes an income tax on items referred to as tax preferences. 26 U.S.C. § 56.[2] Tax preferences are defined in Section 57 of the Code and, during 1976, included within Section 57(a)(9) an amount equal to one-half of the net capital gain for the taxable year.[3]

Section 56 was enacted as part of the Internal Revenue Code of 1954 by Section 301(a) of the Tax Reform Act of 1969. P.L. 91–172, 83 Stat. 487, 580. The tax rate imposed at that time was 10 percent of the amount by which the sum of the items of tax preference exceeded the sum of $30,000 plus the amount of taxes otherwise imposed, with certain adjustments. This provision, which has been subject to numerous amendments,[4] was also amended by the Tax

---

**1.** This sum also includes interest paid by plaintiff. There is no dispute between the parties as to the computation of the deficiency.

**2.** For tax years beginning after December 31, 1978, Congress enlarged the scope of the minimum tax statutes. Section 55 has been added to the Internal Revenue Code of 1954 to provide an "alternative minimum tax" for taxpayers other than corporations. Revenue Act of 1978, P.L. 95–600, 92 Stat. 2763, 2871, Sec. 421(a). Section 56 still provides for the standard minimum tax, while Section 57 itemizes and defines the items of tax preference. Section 58 sets forth rules for the application of the minimum tax provisions. 26 U.S.C. § 58.

**3.** Other items of tax preference involve (1) excess itemized deductions; (2) accelerated depreciation deductions; (3) deductions for amortization of certified pollution control facilities, railroad rolling stock, on-the-job training and child care facilities; (4) stock options; (5) reserves for losses on bad debts of financial institutions; (6) depletion deductions; and (7) intangible drilling costs.

**4.** *See, e.g.,* Excise, Estate, and Gift Tax Adjustment Act of 1970, P.L. 91–614, 84 Stat. 1836, 1846, Sec. 501(a)(1); Revenue Act of 1971, P.L. 92–178, 85 Stat. 497, 558, Sec. 601(c)(4); Tax Reduction Act of 1975, P.L. 94–12, 89 Stat. 26, 30, 35, Secs. 203(b)(2), 208(d)(2).

Reform Act of 1976. P.L. 94–455, 90 Stat. 1520, 1549, 1550, 1552, Section 301(a). As amended in 1976, Section 56 increased the rate of tax and decreased the exemption by imposing tax equal to 15 percent on the amount by which the sum of the items of tax preference exceeds the greater of $10,000 or the amount of tax otherwise imposed for the taxable year, with certain adjustments. For individuals, this amendment applies to the taxable years subsequent to December 31, 1975.

The explanation of the Joint Committee of Congress with respect to the amendment states as follows:

The minimum tax was enacted in the Tax Reform Act of 1969 in order to make sure that at least some minimum tax was paid on tax preference items, especially in the case of high-income persons who were not paying their fair share of taxes. However, the previous minimum tax did not adequately accomplish these goals, so the Act contains a substantial revision of the minimum tax for individuals to achieve this objective.

Congress intended these changes to raise the effective tax rate on tax preference items, especially for high-income individuals who are paying little or no regular income tax.

General Explanation of the Tax Reform Act of 1976, 94th Cong., 2d Sess., p. 105 (1976–3 Cum. Bull. (Vol. 2) 117).

The Supreme Court has held that the retroactive application of taxing statutes is not a *per se* violation of the due process rights of taxpayers adversely affected. *See, e.g., Welch v. Henry*, 305 U.S. 134, 146, 59 S.Ct. 121, 125, 83 L.Ed. 87 (1938); *Brushaber v. Union Pac. R.R.*, 240 U.S. 1, 20, 36 S.Ct. 236, 242, 60 L.Ed. 493 (1916); *see also, Purvis v. United States*, 501 F.2d 311, 313–314 (9th Cir. 1974), *cert. denied*, 420 U.S. 947, 95 S.Ct. 1329, 43 L.Ed.2d 425 (1975); *Picchione v. Commissioner*, 440 F.2d 170, 173 (1st Cir. 1971), *cert. denied*, 404 U.S. 828, 92 S.Ct. 66, 30 L.Ed.2d 57 (1971).

Taxing statutes with retroactive application have consistently withstood attack by taxpayers predicated on the due process clause. *See, Fernandez v. Wiener*, 326 U.S. 340, 355, 66 S.Ct. 178, 186, 90 L.Ed. 116 (1945); *Welch v. Henry*, 305 U.S. 134, 148–150, 59 S.Ct. 121, 126–127, 83 L.Ed. 87 (1938); *United States v. Hudson*, 299 U.S. 498, 500, 57 S.Ct. 309, 310, 81 L.Ed. 370 (1937); *Prescott v. Commissioner*, 561 F.2d 1287, 1294 (8th Cir. 1977); *see also*, Hochman, *The Supreme Court and the Constitutionality of Retroactive Legislation*, 73 Harv.L.Rev. 692, 706–707 (1960).

There are substantial reasons for judicial deference to the retroactive application of income tax statutes. A tax is neither a penalty imposed upon a taxpayer, not a liability assumed by contract. It is a means of apportioning the cost of government. *Welch v. Henry, supra*, 305 U.S. at 146–147, 59 S.Ct. at 125. The application of a tax to the beginning of a calendar year permits Congress to better allocate that burden to those taxpayers who, in the judgment of that body, should bear it. As Judge Learned Hand observed:

Nobody has a vested right in the rate of taxation, which may be retroactively changed at the will of Congress at least for periods of less than twelve months; Congress has done so from the outset. . . . Such a one may indeed complain that, could he have forseen the increase, he would have kept the transaction unliquidated, but it will not avail him; he must be prepared for such possibilities [the retroactive increase in tax rates], the system being already in operation. His is a different case from that of one who, when he takes action, has no reason to suppose that any transactions of the sort will be taxed at all.

*Cohen v. Commissioner*, 39 F.2d 540, 545 (2d Cir. 1930).

The Supreme Court, in *Welch v. Henry, supra*, articulated the following test to determine whether the retroactive application of a taxing statute violates due process:

[I]t is necessary to consider the nature of the tax and the circumstances in which it is laid before it can be said that its retroactive application is so harsh and oppressive as to transgress the constitutional limitation.

305 U.S. 134, 147, 59 S.Ct. 121, 126, 83 L.Ed. 87. In the instant case, application of this standard, together with our understanding of the rationale for judicial deference to such statutes, demonstrates the propriety of applying Section 56 retroactively.

As noted in the Joint Committee Explanation of the 1976 amendments, Congress was dissatisfied with the results of Section 56 and determined to increase the rate of the minitax and decrease the exemption. Congress enacted the necessary legislation and made it effective at the commencement of the calendar year. Amended Section 56 does not impose a tax on any given isolated transaction. It taxes the summation of all tax preferences within the taxable year. Moreover, the retroactive application of Section 56 adds only $1,253.12 to plaintiff's existing tax liability for 1976. Such limited retroactivity, producing a small incremental tax burden, does not produce a result which is so "harsh and oppressive" as to implicate the due process clause. *See*, e.g., *Purvis v. United States, supra; Shanahan v. United States*, 447 F.2d 1082, 1083–1084 (10th Cir. 1971); *First National Bank in Dallas v. United States*, 420 F.2d 725, 729, 190 Ct.Cl. 400 (1970), *cert. denied* 398 U.S. 950, 90 S.Ct. 1868, 26 L.Ed.2d 289 (1970).

To support an assertion of constitutional infirmity, the taxpayer cites *Untermyer v. Anderson*, 276 U.S. 440, 48 S.Ct. 353, 72 L.Ed. 645 (1928) and *Blodgett v. Holden*, 275 U.S. 142, 48 S.Ct. 105, 72 L.Ed. 206 (1927), modified, 276 U.S. 594, 48 S.Ct. 105, 72 L.Ed. 206 (1928). Those cases are inapposite. Each involves the retroactive impo-

sition of a wholly new type of tax, namely, gift and estate taxes. They are not relevant to a retroactive *increase* in an income tax. Moreover, the Supreme Court has noted that they are inapposite to the retroactive imposition of an income tax for "a tax on the receipt of income is not comparable to a gift tax." *Welch v. Henry*, 305 U.S. 134, 147–148, 59 S.Ct. 121, 126, 83 L.Ed. 87 (1938). Similarly, in *Cooper v. United States*, the Court upheld the retroactive application of an income tax and distinguished *Untermyer* and *Blodgett* as follows:

> None of these cases is in point; they gave no consideration to the power of Congress to require that taxable income should include profits from transactions consummated within the year.

280 U.S. 409, 412, 50 S.Ct. 164, 165, 74 L.Ed. 516 (1930). *Accord, Shanahan v. United States, supra*, 447 F.2d at 1083; *Sidney v. Commissioner*, 273 F.2d 928, 932 (2d Cir. 1960).[5]

In sum, the Supreme Court has held that the retroactive application of taxing statutes does not, *per se*, violate the due process clause of the Fifth Amendment. The only revenue statutes which are suspect due to retroactivity involve wholly new types of taxes, a situation not here present. Indeed, the Court has consistently upheld the power of Congress to enact retroactive income tax statutes recognizing that such taxes are merely a means of apportioning the cost of government. In addition, the statute here has limited retroactivity since it applies to

---

**5.** In any event, the continued validity of *Untermyer*, and *Blodgett* is in serious doubt. *See Milliken v. United States*, 283 U.S. 15, 21–22, 51 S.Ct. 324, 326–327, 75 L.Ed. 809 (1931); *Shanahan v. United States*, 447 F.2d 1082, 1083 (10th Cir. 1971); *First National Bank in Dallas v. United States*, 420 F.2d 725, 730 and fn. 8, 190 Ct.Cl. 400 (1970); *Rose v. Commissioner*, 55 T.C. 28, 30 (1970); *see also, Commissioner v. Estate of Church*, 335 U.S. 632, 648 fn. 10, 69 S.Ct. 322, 330 fn. 10, 93 L.Ed. 288 (1949); *United States v. Manufacturers National Bank*, 363 U.S. 194, 199, 80 S.Ct. 1103, 1106, 4 L.Ed.2d 1158 (1960). Indeed, *Blodgett, supra*, 275 U.S. 142, 48 S.Ct. 105, 72 L.Ed. 206, involved an equal division of opinion among the eight justices who heard and considered the case. Four

justices were of the opinion that the statute at bench (a newly-instituted gift tax) was intended to operate retroactively and such an application would violate the due process rights of the taxpayer. Therefore, they held that the taxpayer could not be subject to the tax. The four justices who concurred in the result were of the opinion that the statute was prospective only, and for that reason the taxpayer should prevail. Consequently, as made clear by the modification of *Blodgett*, 276 U.S. 594, 48 S.Ct. 105, 72 L.Ed. 206, it cannot be cited for the proposition that the retroactive application of the statute was violative of the Constitution. Rather, the case held that the taxpayer was not liable for the asserted tax.

only the calendar year in which it was enacted. The effect of the amendment is to add $1,253.12 to plaintiff's existing liability for 1976 and, in these circumstances, we hold that the retroactive application of Section 56 is not so harsh and oppressive as to violate the Constitution.

IT IS THEREFORE ORDERED that the motion of the United States of America for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that the motion of Ann J. Appendrodt for summary judgment be and hereby is denied.