SELBY O. AND MADESTA C. CONKLIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Conklin v. Commissioner
Docket No. 7489-79.
United States Tax Court
T.C. Memo 1981-471; 1981 Tax Ct. Memo LEXIS 267; 42 T.C.M. (CCH) 920; T.C.M. (RIA) 81471; August 31, 1981. *267 Selby O. Conklin, pro se. Walter T. Thompson, for the respondent. EKMAN
MEMORANDUM FINDINGS OF FACT AND OPINION EKMAN, Judge: Respondent determined a deficiency of $ 5,025 in petitioners' Federal income tax for year 1976. The sole issue for our decision is whether petitioners are entitled to report their gain from the sale of real property on the installment method. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Selby O. Conklin and Madesta C. Conklin, husband and wife, resided in Cortaro, Arizona at the time they filed their petition herein. Their joint Federal tax return for 1976 was filed with the Internal Revenue Service Center at Ogden, Utah. During 1976, petitioners sold a parcel of unimproved real estate (20 acres of land in Pima County, Arizona) for the sum of $ 45,000. They received a down payment of $ 13,050 and a note in the amount of $ 31,950, the balance of the stated selling price. The note, secured by a deed of trust and dated June 7, 1976, was payable over a three year period in annual installments in the amount of $ 10,650 each and *268 provided for no interest. Petitioners determined that the $ 13,050 down payment received in 1976 represented 29 percent of $ 45,000, the stated selling price, and accordingly reported the gain from the sale on the installment method. [1] Since the note provided for no interest, respondent recomputed the selling price to be § 40,935, determined that $ 4,064 represented unstated interest and that therefore the $ 13,050 down payment represented 31.88 percent of the selling price. [2] *269 Accordingly, he determined that petitioners could not report their gain from the sale on the installment method. Having determined that petitioners were precluded from use of the installment method, respondent then computed petitioners' gain [3] to be recognized in the year of sale [4] as $ 19,559. OPINION The parties apparently agree that the only issue in question is whether petitioners received in the year of sale payments (exclusive of evidences of indebtedness of the purchaser) in excess of 30 percent of the selling price so as to preclude petitioners from electing to report their gain from the sale of unimproved land on the installment method under section 453. The burden of proof in this matter is upon petitioners. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure.
Petitioners contend that because in the year of sale they received only $ 13,050, they received an amount not in excess of 30 percent *270 of the selling price. Respondent contends that the $ 13,050 represents an amount in excess of 30 percent of the selling price for purposes of section 453(b) since the note provided for no interest. [5] We agree with respondent. For purposes of section 453, any total unstated interest (as defined in section 483(b)) under a contract for the sale or exchange of property shall not be included as part of the selling price. Section 1.453-1(b)(2), Income Tax Regs. Thus, any unstated interest is deducted from the stated selling price in order to determine whether the payments received in the year of sale exceed 30 percent of the "selling price". Cox v. Commissioner, 62 T.C. 247 (1974); Robinson v. Commissioner, 54 T.C. 772 (1970), affd. per curiam 439 F.2d 767 (8th Cir. 1971). Since petitioners' sale of the property occurred subsequent to July 24, 1975 and the note they received provided for no interest, the prescribed rate of interest under section 483 is 7 percent compounded semi-annually. Section 1.483-1(c)(2)(ii)(B), Income Tax Regs.
Petitioners contend that they were unaware of the unstated interest provisions and that they *271 therefore should not be denied the benefit of reporting their gain on the installment method. They further contend that their purpose in providing for no interest in the note was to make the property more attractive to a prospective purchaser and that they had no tax avoidance motive in mind. We are sympathetic to both contentions. However, petitioners' ignorance of the law does not exempt them from compliance with the requirements of section 453(b). While it is probable that allowing a prospective purchaser to defer payment without interest would facilitate sale of the property, it is precisely this situation which calls for application of section 483. Petitioners' argument that they had no tax avoidance motive is similarly of no avail. See Dahl v. Commissioner, 526 F.2d 552 (9th Cir. 1975), affg. per curiam a Memorandum Opinion of this Court. The statutory mandates are clear and neither ignorance nor lack of improper motive alters those mandates. Finally petitioners contend, in an indirect and general fashion, that section 483 violates their constitutional rights, specifically the prohibition against the impairment of the obligation of contracts contained in U.S. Const., art. 2, sec. 10, cl. 1. *272 However, it has been held that section 483 does not impair contractual obligations or violate due process. Dahl v. Commissioner, supra.
We therefore find that petitioners are not entitled to report their gain from the sale on the installment method because the payment received in the year of sale was in excess of 30 percent of the recomputed selling price. However, it appears that respondent erred in his determination that the amount realized by petitioners in the year of sale was $ 45,000 ($ 13,050 down payment plus the face value of the non-interest bearing note in the amount of $ 31,950). See section 1.1001-1(a), Income Tax Regs.; cf. Cox v. Commissioner, supra.In accordance with respondent's own determination that the true "selling price" was $ 40,935[sic] ($ 13,050 plus $ 27,886), see Cox v. Commissioner, supra, this figure, rather than $ 45,000, should be used as the "amount realized" in computing the deficiency in tax. [6] In view of the foregoing, Decision will be entered under Rule 155. Footnotes
1. ↩
Down payment received in year of sale
$ 13,050
29 percent
Stated selling price
$ 45,000
2. (a) Stated sales price
$ 45,000
Down payment received in year of sale
13,050
Stated value of note
31,950
(b) Computation to determine present value of note Number of months
deferred
Payment X
Factor
Present value
12
$ 10,650 X
.93351
$ 9,941.88
24
10,650 X
.87144
9,280.83
36
10,650 X
.81350
8,663.77
$ 27,886.48
(c) Unstated interest
Stated value of note
$ 31,950
Present value
27,886
Unstated interest
$ 4,064
(d) Recomputed selling price
Stated selling price
$ 45,000
Unstated interest 4,064
$ 40,935 [sic]
(e) Recomputation of percent of selling price received in year of sale ↩
Down payment received in year of sale
$ 13,050
31.88 percent
Recomputed selling price
$ 40,935
3. ↩
Amount realized
$ 45,000 Basis
$ 1,000
Selling expenses
4,882
(5,882)
Long term capital gain
39,118 Section 1202 deduction
(19,559)
Net gain
$ 19,559 4. Corresponding adjustments were made in the minimum tax, itemized deductions, and standard deduction.↩
5. See fn. 2 for the calculations as determined by respondent.↩
6. In addition to affecting the amount of gain realized in the year of sale, this adjustment will correspondingly affect those adjustments enumerated in fn. 4, supra↩.