John and Barbara **WESTWICK**, Petitioners–Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 79–2245.

United States Court of Appeals, Tenth Circuit.

Dec. 30, 1980.

John Westwick, pro se.

Barbara Westwick, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Grant W. Wiprud and Gilbert S. Rothenberg, Attys., Tax Division, Dept. of Justice, Washington, D. C., for respondent–appellee.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three–judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from the Tax Court's judgment for the Internal Revenue Service on a petition for redetermination of a deficiency in petitioners' income tax. The question presented by this appeal is whether the retroactive application of the 1976 amendments to the I.R.C. § 56 "minimum tax" violates petitioners' due process rights under the fifth amendment to the United States Constitution.

The parties have stipulated to the following facts. On September 13, 1976, petitioners entered into a contract to sell their duplex. On October 4, 1976, the same day the sale of the duplex was closed, the President signed the Tax Reform Act of 1976.[1] Section 301 of the Act reduced the amount of the exemption under I.R.C. § 56 to the greater of $10,000 or one–half of the taxpayer's regular tax liability, and increased the tax rate to fifteen percent of the taxable gain. Previously, the exemption was the greater of $30,000 or the regular tax liability, and the tax rate was ten percent. The amendments were made retroactive to cover items of tax preference for taxable years beginning after December 31, 1975. *Id.* § 301(g). Thus, petitioners' transaction is subject to the new law unless their challenge is successful.

Petitioners reported a capital gain of $12,184.44 on the sale of the duplex, but claimed that no minimum tax was due under the law in effect on September 13, 1976, the date the real estate contract was signed. The IRS sent them a notice of a deficiency of $327.67, the amount due under the revised minimum tax provisions. Petitioners petitioned the Tax Court for a redetermina-

tion of the deficiency, alleging that the retroactive application of the amendments violated due process. The Tax Court held that applying the changes in the exemption and the rate to gains realized before the amendments became effective was constitutional under the standard set forth in *Welch v. Henry*, 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87 (1938).

 It is well settled that an income tax may apply retroactively for limited time periods without violating due process. *E. g., Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1, 20, 36 S.Ct. 236, 242, 60 L.Ed. 493 (1916); *Stockdale v. The Insurance Companies*, 87 U.S. (20 Wall.) 323, 331, 22 L.Ed. 348 (1873). The only revenue statutes held void for retroactivity involved wholly new types of taxes, a situation not presented in this case. *See, e. g., Untermyer v. Anderson*, 276 U.S. 440, 48 S.Ct. 353, 72 L.Ed. 645 (1928); *Blodgett v. Holden*, 275 U.S. 142, 48 S.Ct. 105, 72 L.Ed. 206 (1927); *Nichols v. Coolidge*, 274 U.S. 531, 47 S.Ct. 710, 71 L.Ed. 1184 (1927). The amendments petitioners complain of are best seen as changes in the base and rate of an existing tax. *See Cohan v. Commissioner*, 39 F.2d 540 (2d Cir. 1930). Petitioners refer us to no cases, nor can we find any, which invalidate the retroactive application of a mere change in a tax base or rate, whatever its size or significance. But petitioners argue that because such a substantial change in the minimum tax could not have been anticipated, the tax was in effect a new one which would have influenced their choice of disposition of the duplex had they foreseen passage of the retroactive amendment.

In *Welch v. Henry*, 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87 (1938), the Supreme Court said:

> In each case it is necessary to consider the nature of the tax and the circumstances in which it is laid before it can be said that its retroactive application is so harsh and oppressive as to transgress the constitutional limitation.

*Id.* at 147, 59 S.Ct. at 125. We agree with the reasoning of the Tax Court in the present case and in *Buttke v. Commissioner,*

---

1. Tax Reform Act of 1976, Pub.L.No. 94–455, 90 Stat. 1520.

72 T.C. 677 (1979), *aff'd* 625 F.2d 202 (8th Cir. 1980), where the Tax Court also held that the retroactive application of the 1976 amendments to I.R.C. § 56 was not "so harsh and oppressive as to transgress the constitutional limitation." 72 T.C. at 679.

In *Cohan v. Commissioner*, 39 F.2d 540, 545 (2d Cir. 1930), the court (in an opinion by Judge Learned Hand) said:

Nobody has a vested right in the rate of taxation, which may be retroactively changed at the will of Congress at least for periods of less than twelve months; Congress has done so from the outset. . . . [O]ne may indeed complain that, could he have foreseen the increase, he would have kept the transaction unliquidated, but it will not avail him; he must be prepared for such possibilities [*i. e.*, the retroactive increase in tax rates], the system being already in operation. His is a different case from that of one who, when he takes action, has no reason to suppose that any transactions of the sort will be taxed at all.

The judgment of the Tax Court is affirmed.