**O.B. MOBLEY, Jr. and Gladys K. Mobley, and Michael Stranahan, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**Nos. 620–81T, 322–82T.**

United States Claims Court.

Sept. 20, 1985.

---

Cecil L. Smith, Dallas, Tex., for plaintiffs.

W.C. Rapp, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., for defendant. Theodore D. Peyser, Jr., and Robert S. Watkins, Washington, D.C., of counsel.

## OPINION

MOODY R. TIDWELL, III, Judge:

These are two tax refund cases which come before this court under section 56(a) of the Internal Revenue Code of 1954 (hereinafter referred to as the Code).[1] Plaintiffs Mobley and Stranahan seek a tax refund of federal income tax in the amounts of $126,506.00 and $23,478.00, respectively, for the tax year of 1976. This case comes before us on Cross-Motions for Summary Judgment.

## FACTS

Plaintiffs Mobley are husband and wife who filed a joint return for the year 1976, and plaintiff Stranahan is a single individual who filed a separate return for the year 1976. Plaintiffs Mobley and Stranahan elected to expense their intangible drilling costs (IDCs) in 1964 and 1971, respectively.

During 1976, plaintiffs Mobley and Stranahan paid $643,763.09 and $238,525.00, respectively, in IDCs and reported $205,258.00 and $51,062.00, respectively, as a percentage depletion allowance. Plaintiff Stranahan also reported $4,355.00 in capital gains.

Pursuant to section 56(a) of the Code, plaintiffs Mobley and Stranahan paid a

---

**1.** The Code refers to the Internal Revenue Code of 1954 as codified in Title 26 of the United States Code.

minimum tax [2] of \$126,506.00 and \$23,478.00, respectively. Subsequently, plaintiffs filed timely claims for refund of the minimum tax. In 1980, both claims for refund were disallowed by defendant. Plaintiffs contend that the minimum tax is not a tax on income but is a direct tax which has not been apportioned in accordance with the Constitution. Plaintiffs further contend that the application of the minimum tax to IDCs and percentage depletion is an unconstitutional taxation on the recovery of capital and that the retroactive application of the minimum tax with respect to IDCs is an unconstitutional denial of due process. In the alternative, plaintiffs contend that the minimum tax, if constitutional, is a federal excise tax which is deductible as an ordinary and necessary business expense under sections 162 or 212.

Jurisdiction is conferred upon the court pursuant to 28 U.S.C. § 1491. *See Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605, 372 F.2d 1002, 1007 (1967).

## DISCUSSION

Section 56 [3] of the Code imposes a minimum tax on items referred to as tax preference items. Tax preferences are defined in section 57 of the Code. Section 56 was enacted as part of the Code by section 301(a) of the Tax Reform Act of 1969. This provision, which has been subject to numerous amendments, was amended by the Tax Reform Act of 1976. For individuals, this amendment was made to apply to the taxable years subsequent to December 31, 1975.

The constitutional basis of the congressional taxing power is found in article I, section 8, of the U.S. Constitution, which authorizes Congress to impose taxes. Article I, section 2 requires direct taxes to be apportioned among the states according to population. However, the sixteenth amendment to the Constitution makes the apportionment requirement inapplicable to an income tax.

## I.

Plaintiffs contend that the minimum tax is a direct tax subject to the requirement of apportionment among the states by virtue of the sixteenth amendment. Plaintiffs have directed the court's attention to several articles which theorize that the courts are wrong in finding the tax in question to be an income tax. They argue that a more thorough analysis of the tax shows it to be an indivisible direct tax or an excise tax. *See* Burke, *Graff, Revenue Ruling 78–61 and Inland Steel Company: What is the Add-on Minimum Tax?,* Taxes, 161 (March 1981); Burke & Malloy, *The Minimum Tax—Is It a Deductible Excise Tax?,* 31 Baylor L.Rev. 9 (1979). Although the commentators' presentations are interesting from a theoretical viewpoint, the court cannot ignore the plain language of the statute, the intent of Congress as revealed in the legislative history, and the holdings of other courts.

The statute itself states that the minimum tax is imposed "with respect to the income of every person" and is in "addition to the other taxes imposed in this chapter." The chapter referred to in the statute is entitled "Chapter 1—Normal Taxes and Surtaxes," which is a part of Subtitle A of the Internal Revenue Code of 1954 entitled "Income Taxes." Thus, the statutory language of the statute itself supports defend-

---

**2.** The minimum tax of section 56(a) imposes a tax on the items of tax preference, as defined in section 57, on all persons other than persons exempt from the taxes imposed by chapter 1 of the Code.

**3.** Section 56(a), as it was applicable to the taxpayers in 1976, reads:
　　(a) General rule. —In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, with respect to the income of every person, a tax equal to 15 percent of the amount by which the sum of the items of tax preference exceeds the greater of—
　　(1) \$10,000, or
　　(2) the regular tax deduction for the taxable year (as determined under subsection (c)).

ant's position that the minimum tax is a tax imposed upon a taxpayer's income.[4]

The clear language and intent of Congress was also recognized by the Second Circuit in *Lubus v. United States,* 78–1 U.S.T.C. ¶ 9242. In affirming the district court's decision, the court found that the clear wording of section 56 supports the conclusion that Congress' intention was not to give tax relief, but rather to impose an additional tax on high income individuals with large amounts of non-wage income. *Id.*

The Internal Revenue Service has consistently treated the minimum tax as an income tax. Treas. Reg. § 1.56–1(a) (1978); Rev.Rul. 77–396, 1977–2 C.B. 86. In Revenue Ruling 77–396, 1977–2 C.B. 86, the Service noted that when an individual or a corporation is computing taxable income, section 275(a)(1) provides that no deduction shall be allowed for "Federal income taxes." Although section 275 provides a list of taxes which are "Federal income taxes," the Service took the position that the list is non-exclusive and that the minimum tax complements the income tax imposed on individuals and corporations. Therefore, the Service concluded that the minimum tax is a non-deductible income tax rather than a deductible excise tax.

Plaintiffs cite Treasury Regulation § 1.56–1(a) (1978) and Revenue Ruling 77–396, 1977–2 C.B. 86, and note that the Service takes the position that the minimum tax is an income tax. However, plaintiffs contend that this position is inconsistent with the Service's position in Revenue Ruling 78–61, 1978–1 C.B. 221, wherein the Service sets forth the criteria for a foreign tax to be considered an income tax in the United States sense. It is apparent that plaintiffs are merely incorporating the ar-

guments made by the commentators in Burke & Malloy, *The Minimum Tax—Is It a Deductible Excise Tax?,* 31 Baylor L. Rev. 9, 26–29 (1979). However, neither the plaintiffs nor the commentators cite any authority to justify the proposition that Revenue Ruling 78–61, 1978–1 C.B. 221, which sets forth the criteria for a foreign tax to be considered an income tax in the United States, should also be used as the criteria for determining whether the minimum tax is a United States federal income tax. In the absence of such authority, we do not feel compelled to embrace plaintiffs' view that such criteria should be applied to the minimum tax in question here.

In *Wyly v. United States,* 662 F.2d 397 (5th Cir.1981), the Fifth Circuit noted that apart from the language of the statute itself, the nature of the minimum tax supports the position that it is a tax on income. The court indicated that the House Report accompanying the Tax Reform Act of 1969, explained that the minimum tax was "designed to reduce drastically the ability of individuals to escape payment of tax on economic income." *Id.* at 405. Furthermore, the court noted that Congress, by imposing a minimum tax on tax preference income intended to increase the income tax liability of persons whose regular income tax liability was disproportionately reduced as a consequence of claiming preferential tax treatment allowed with respect to special items of income or deductions. *Id.* Having considered the plain language of the statute and the intent of Congress as indicated by the legislative history, the court concluded that the minimum tax "is clearly imposed upon an individual's income, and the fact that it may be more closely tied to economic, rather than taxa-

---

**4.** Defendant's position is further supported by Treasury Regulation § 1.56–1(a) (1978) which reads:

   (a) In general. Section 56(a) imposes an income tax on the items of tax preference (as defined in § 1.57–1) of all persons other than persons specifically exempt from the taxes imposed by chapter 1. The items of tax preference represent income of a person which either is not subject to current taxation by

reason of temporary exclusion (such as stock options) or by reason of an acceleration of deductions (such as accelerated depreciation) or is sheltered from full taxation by reason of certain deductions (such as percentage depletion) or by reason of a special rate of tax (such as the rate of tax on corporate capital gains). The tax imposed by section 56 is in addition to the other taxes imposed by chapter 1.

ble income, does not serve to change this result." *Id.*

In *Graff v. Commissioner,* 74 T.C. 743 (1980), *aff'd,* 673 F.2d 784 (5th Cir.1982) and *Stranahan v. Commissioner,* 43 T.C.M. 883 (1982), the Tax Court reaffirmed its position that the minimum tax is an income tax and not a direct tax subject to the requirement of apportionment among the states.

In addition, numerous other cases have implicitly or explicitly considered and rejected constitutional attacks on various grounds concerning section 56 and the minimum tax. *United States v. Darusmont,* 449 U.S. 292, 101 S.Ct. 549, 66 L.Ed.2d 513 (1981); *Ward v. United States,* 695 F.2d 1351 (10th Cir.1982); *Buttke v. Commissioner,* 72 T.C. 677 (1979), *aff'd,* 625 F.2d 202 (8th Cir.1980), *cert. denied,* 450 U.S. 982, 101 S.Ct. 1517, 67 L.Ed.2d 817 (1981); *Austin v. United States,* 611 F.2d 117 (5th Cir.1980); *Rhude v. United States,* 592 F.Supp. 18 (D.C.Minn.1984); *Appendrodt v. United States,* 490 F.Supp. 490 (W.D.Pa. 1980); *Estate of Kearns v. Commissioner,* 73 T.C. 1223 (1980).

■ Faced with the plain language of the statute, its legislative history, and the holdings of other courts, we hold that the minimum tax is an income tax and not a direct tax subject to the requirement of apportionment among the states.

## II.

■ Plaintiffs contend that the application of the minimum tax to IDCs and percentage depletion does not constitute a tax on income, but rather constitutes an impermissible direct tax on the recovery of capital. This is a crucial issue to be decided. If the court were to find that these deductions were not income, as plaintiffs contend, then we would hold in favor of plaintiffs. However, no matter how voluminous or persuasive plaintiffs' theoretical arguments may be, the clear weight of judicial authority defines income to be broad enough to encompass an economic benefit such as the ones received by plaintiffs in this case.

In the early years of the income tax, there was a great deal of controversy over the meaning of the term "income" (*see, e.g., Eisner v. Macomber,* 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521 (1920)), but it is now clear that the concept of "income" for tax purposes is broad enough to encompass an economic benefit received by a taxpayer. *Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483, *reh'g denied,* 349 U.S. 925, 75 S.Ct. 657, 99 L.Ed. 1256 (1955). This includes excess depletion deductions. *Stranahan v. Commissioner,* 43 T.C.M. 883 (1982). In *Glenshaw Glass,* the Supreme Court declared that the income tax statute was designed to tax income to the full extent permitted by the Constitution and that "Congress applied no limitations as to the source of taxable receipts, nor restrictive labels as to their nature." *Id.* 348 U.S. at 429–30, 75 S.Ct. at 475–76.

Section 57(a)(8) of the Code includes as an item of tax preference, for purposes of computing the minimum tax, "the excess of the deduction for depletion allowable under section 611 for the taxable year over the adjusted basis of the property at the end of the taxable year." According to this clear language of the statute, the minimum tax, as applied to percentage depletion, does not operate as a direct tax on the return of capital. Rather, it operates to tax income otherwise sheltered by plaintiffs' depletion deductions which are in excess of their basis in the depletable property.

The same is true with respect to IDCs. The Code provides two methods for the recovery of IDCs: Capitalization and amortization of the IDC expenditures or, pursuant to an election under section 263(c), expensing of IDCs in the year incurred. Section 57(a)(11) includes as an item of tax preference, for purposes of computing the minimum tax, "the excess of the intangible drilling and development costs described in section 263(c) ... over the amount which would have been allowable for the taxable year if such costs had been capitalized and straight line recovery of intangibles (as

defined in subsection (d)) had been used with respect to such costs." Plaintiffs elected to expense their IDCs in the year incurred.

Inasmuch as the section 263(c) election has provided taxpayers with an accelerated method of recovery of their capital costs, it is not surprising to find as a tax preference item the part of a taxpayer's actual IDC deduction which exceeds the amortization deductions otherwise available to them in the taxable year. The Tax Court in *Stranahan v. Commissioner*, 43 T.C.M. 883 (1982) observed:

At first blush, then, the section 56(a) tax appears to impose an impermissible direct tax on part of the recovery of the taxpayer's capital. However, the section 56(a) tax on intangible drilling costs is, in effect, an elective tax, incurred only if the taxpayer chooses under section 263(c) to forego the normal method of cost recovery (*i.e.*, capitalization and amortization). This normal method allows for a complete, non-taxable recovery of the taxpayer's capital investment. Such a tax as section 56(a), which is imposed only on taxpayers who in essence elect to have it imposed by their own actions in taking certain preferential deductions, is simply not a direct tax prohibited by the Constitution. Not being a direct tax, it need not be apportioned among the states or in accordance with the census to be constitutional.

*Id.* at 888.

Plaintiffs attempt to distinguish *Stranahan* by contending that the Tax Court ignored the fact that the section 263(c) elections are irrevocable and were made several years prior to the enactment of the Tax Reform Act of 1976. Plaintiffs' arguments are misconceived. By including IDCs as a tax preference item for purposes of computing the minimum tax, Congress merely reduced the benefit that it had previously conferred in permitting an immediate deduction for IDCs. The taxpayers continue to receive a tax-free recovery of IDCs in the amount which "would have been allowable for the taxable year if such costs had been capitalized and straight line recovery of intangibles ... had been used with respect to such costs." I.R.C. § 57(a)(11) (1976). Therefore, this court concludes that it cannot seriously be argued that Congress, in making this reduction, exceeded its authority under the Constitution.

### III.

■ Plaintiffs contend that the retroactive application of the minimum tax with respect to IDCs is an unconstitutional denial of due process. To support an assertion of constitutional infirmity, plaintiffs cite *Untermyer v. Anderson*, 276 U.S. 440, 48 S.Ct. 353, 72 L.Ed. 645 (1928). This, however, is a gift tax case and we do not regard it as controlling authority with respect to any retroactive feature of a federal income tax. (*See United States v. Darusmont*, 449 U.S. 292, 299, 101 S.Ct. 549, 553, 66 L.Ed.2d 513 (1981), wherein the Supreme Court did not find this case controlling when dealing with another minimum tax preference item.)

In *United States v. Darusmont*, 449 U.S. 292, 101 S.Ct. 549, 66 L.Ed.2d 513 (1981), the Supreme Court upheld the retroactive application of the minimum tax provisions contained in sections 56 and 57. The court observed that Congress, in enacting general revenue statutes, has without exception given each such statute an effective date prior to the date of actual enactment and that such retroactive application is a customary congressional practice. In reaffirming its position, the Court noted that it has consistently held that "the application of an income tax statute to the entire calendar year in which enactment took place does not *per se* violate the Due Process Clause of the Fifth Amendment." *Id.* at 297, 101 S.Ct. at 552. *See also Westwick v. Commissioner*, 636 F.2d 291 (10th Cir.1980); *Buttke v. Commissioner*, 72 T.C. 677 (1979), *aff'd*, 625 F.2d 202 (8th Cir.1980), *cert. denied*, 450 U.S. 982, 101 S.Ct. 1517, 67 L.Ed.2d 817 (1981).

In rejecting a constitutional challenge to the retroactive nature of minimum taxation on tax preference items the court in *Ap-*

*pendrodt v. United States*, 490 F.Supp. 490 (W.D.Pa.1980), noted that there are at least two substantial reasons for judicial deference to the retroactive application of income tax statutes. First, a tax is neither a penalty imposed upon a taxpayer, nor a liability assumed by contract. It is a means of apportioning the cost of government. *Id.* at 492. Second, the application of a tax to the beginning of a calendar year permits Congress to better allocate the cost of government to those taxpayers who, in the judgment of that body, should bear it. *Id.*

In *Ward v. United States*, 695 F.2d 1351 (10th Cir.1982), the Tenth Circuit affirmed a district court holding that the retroactive application of the minimum tax to IDCs is constitutional and that the minimum tax is a non-deductible income tax. The *Ward* decision should come as a surprise to no one, other than perhaps the taxpayer, given the Supreme Court's decision in *United States v. Darusmont*, 449 U.S. 292, 101 S.Ct. 549, 66 L.Ed.2d 513 (1981), and the Fifth Circuit's holding in *Wyly v. United States*, 662 F.2d 397 (5th Cir.1981).

Plaintiffs contend that the standard for analysis of retroactive imposition of taxes is the ability of the taxpayer, at the time of the transaction in dispute, reasonably to have foreseen that a tax would be imposed, and the likelihood that, having been able to foresee it, he would have altered his conduct to avoid the tax. Plaintiffs imply that they could not reasonably have foreseen that a minimum tax would have been imposed on IDCs when they made their elections under section 263(c) to expense their IDCs.

Contrary to plaintiffs' analysis, the Supreme Court in *Welch v. Henry*, 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87, *reh'g denied*, 305 U.S. 675, 59 S.Ct. 250, 83 L.Ed. 437 (1938), eschewed a rigid constitutional standard for retroactive application of a tax statute based upon foreseeability or any other single factor. In that case, the Court upheld the validity of a 1935 Wisconsin tax act that operated to tax dividend income that the taxpayer received in 1933. It

reached this decision notwithstanding that the tax enacted in 1935 could not have been foreseen in 1933, prior to receipt of the dividends, the possibility of such a tax. In doing so, the court adopted a broad test to determine the constitutionality of the retroactive application of a taxing statute:

> In each case it is necessary to consider the nature of the tax and the circumstances in which it is laid before it can be said that its retroactive application is so harsh and oppressive as to transgress the constitutional limitation.

*Id.* at 147, 59 S.Ct. at 126.

Other courts have explicitly subscribed to this test. *Westwick v. Commissioner*, 636 F.2d 291, 292 (10th Cir.1980); *Shanahan v. United States*, 447 F.2d 1082, 1084 (10th Cir.1971). *See also First National Bank v. United States*, 420 F.2d 725, 730, 190 Ct.Cl. 400 (1970), *cert. denied*, 398 U.S. 950, 90 S.Ct. 1868, 26 L.Ed.2d 289 (1970).

In applying this broad test to the instant case, we conclude that the application of the 1976 amendment to the minimum tax provision which added IDCs as a tax preference item to the beginning of the 1976 calendar year was not, as respects plaintiffs, so "harsh and oppressive" within the meaning of *Welch v. Henry* as to violate constitutional limitation.

### IV.

Since we have concluded that the minimum tax is an income tax and is not unconstitutional as retroactively applied to plaintiffs, we do not reach plaintiffs alternative claim that such tax is an excise tax deductible under sections 162 or 212. Similarly, we do not reach plaintiffs' claim that the minimum tax is an indivisible tax.

### CONCLUSION

The court accordingly grants Defendant's Cross-Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment and the clerk is directed to dismiss the Complaints.