**Hirotoshi YAMAMOTO, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 690–84T.**

United States Claims Court.

Nov. 26, 1985.

Hirotoshi Yamamoto, pro se.

David Gustafson, Washington, D.C., with whom was Glenn L. Archer, Jr., Mildred L. Seidman and Donald Olson, for defendant.

## OPINION

### MOODY R. TIDWELL, III, Judge.

This is a tax refund case which comes before this court under section 56 of the Internal Revenue Code of 1954 (hereinafter referred to as the Code). Plaintiff seeks a tax refund of federal income tax in the amount of $53,640.98 which represents tax deficiencies assessed by the Internal Revenue Service for the taxable years 1970 and 1971, including interest and penalties. The case comes before this court on Defendant's Motion for Summary Judgment. Jur-

isdiction is conferred upon the court pursuant to 28 U.S.C. § 1491. *See Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 605, 372 F.2d 1002, 1007 (1967).

### FACTS

Plaintiff, Mr. Hirotoshi Yamamoto, is a married individual who filed a joint return for the years 1970 and 1971.[1] On his tax return for these years, plaintiff reported capital gains without reporting any liability for the minimum tax pursuant to section 56 of the Code.[2] The Internal Revenue Service (the Service) notified plaintiff that the minimum tax was applicable to his determination of tax liability because of his large amount of capital gains. However, the Service subsequently decided to recharacterize part of plaintiff's income from capital gains to ordinary income. On June 6, 1973, the Service sent plaintiff a final examination report with the proposed recharacterization. Although this recharacterization decreased plaintiff's minimum tax liability under section 56, it resulted in an overall tax increase because more of plaintiff's income would be taxed at the higher ordinary income rates. Thus, on August 13, 1975, the Service sent plaintiff a Notice of Deficiency (also known as a "stat notice," "deficiency notice," or "90-day letter"), consistent with the final examination report as required by section 6212 of the Code.

In response to this Notice of Deficiency, plaintiff filed a petition for review in the Tax Court. In his petition to the Tax Court, plaintiff disputed the income recharacterization and also argued that the capital gains reported on his 1970 and 1971 tax returns were "non-recognition" income under section 351 of the Code.[3] *Yamamoto v. Commissioner*, 73 T.C. 946 (1980), *aff'd,*

---

1. The 1970 and 1971 income tax returns were signed by both Mr. and Mrs. Yamamoto. This case, however, was brought by Mr. Yamamoto solely and Mrs. Yamamoto is not a party to this litigation.

2. Section 56 of the Code imposes a minimum tax on items referred to as tax preference items. Tax preference items are defined in section 57

of the Code. Capital gains are one of these tax preference items found in section 57.

3. Section 351 of the Code provides that no gain or loss shall be recognized if property is transferred to a corporation in exchange for stock, if after the exchange the transferors are in control of the corporation.

672 F.2d 924 (9th Cir.1982). The Tax Court held that the income realized by plaintiff was not taxable as ordinary income nor did it constitute non-recognition income under section 351 of the Code. In order to "reflect ... the effect of [this conclusion] on asserted liabilities for minimum tax," the Tax Court entered its decision under Rule 155, allowing each party to submit its own computation of the tax liability due. *Id.* at 962.

On June 13, 1980, the Service filed a computation of plaintiff's tax liability, which included a minimum tax on plaintiff's capital gains, requesting the Tax Court to find a deficiency in the amount of $3,041.87 and $23,854.18 for the taxable years 1970 and 1971, respectively. Plaintiff did not file a computation with the Tax Court. Therefore, the Tax Court entered its decision on July 24, 1980 using only the Service's computation pursuant to the Rule 155 procedure. On September 8, 1980, plaintiff filed a Notice of Appeal in the United States Court of Appeals for the Ninth Circuit limited to the issue of the Tax Court's denial of the non-recognition of gain under section 351 of the Code. In the interim, the Service assessed the deficiency found by the Tax Court but made no attempt to collect any tax liability from plaintiff while the appeal was pending. The Ninth Circuit affirmed the Tax Court in an unpublished opinion issued on January 7, 1982. *Yamamoto v. Commissioner,* 672 F.2d 924 (9th Cir.1982).

By letter dated September 24, 1982, the Service demanded payment from the plaintiff of the amounts previously assessed plus interest and penalties incurred since the assessment date. Plaintiff paid the deficiencies and filed a claim for refund with this court. On July 25, 1984, plaintiff's Complaint was dismissed for failure to file a claim for refund with the Service which the court determined was a prerequisite to invoke its jurisdiction over tax refund claims. *Yamamoto v. United States,* No. 704–85T (Cl.Ct. July 25, 1984) (order granting dismissal of Complaint). Subsequently, plaintiff filed a claim for refund with the Service which was denied on May 10, 1984. Having satisfied the necessary jurisdictional prerequisites, plaintiff filed a new Complaint with this court on December 24, 1984.

Plaintiff contends that in a review of his tax liability for the years 1970 and 1971, the Tax Court lacked the authority to determine the amount of a deficiency for a minimum tax on capital gains. The defendant moved for summary judgment on the grounds that this court cannot review the plaintiff's claim because it is *res judicata,* or, in the alternative, that the statutorily required Notice of Deficiency was issued to plaintiff, thus giving him advance notice of the minimum tax issue. The court agrees with defendant's contention that the doctrine of *res judicata* bars this court from reviewing plaintiff's claim, and accordingly grants defendant's Motion for Summary Judgment.

## DISCUSSION

■ The gravamen of plaintiff's contention is that the Tax Court cannot determine a deficiency for the minimum tax under section 56 while reviewing plaintiff's income tax liability for the same years without issuing another Notice of Deficiency. The validity of this claim rests squarely on plaintiff's assertion that the minimum tax is not an income tax but is a "separate" tax. However, this court recently held that the minimum tax is an income tax. *Mobley v. United States,* 8 Cl.Ct. 767 (Cl.Ct.1985). In addition, prior judicial considerations of the minimum tax have concluded that it is an income tax. *See e.g., Wyly v. United States,* 662 F.2d 397 (5th Cir.1981) (minimum tax is a tax on income and is therefore constitutional); *Stranahan v. Commissioner,* 43 T.C.M. 883 (1982) (minimum tax assessment on intangible drilling costs and percentage depletion deductions constitutes an income tax); *Graff v. Commissioner,* 74 T.C. 743 (1980), *aff'd,* 673 F.2d 784 (5th Cir.1982) (minimum tax on capital gains is an income tax and is not subject to apportionment among the states or by census under the Sixteenth Amendment).

Thus, this court concludes that the Tax Court's decision is *res judicata* and bars plaintiff from further litigating his claim before this court.

The landmark decision addressing the application of the doctrine of *res judicata* to tax cases is *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948). In *Sunnen*, the Supreme Court defined the doctrine as follows:

> [W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit ... are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'

*Id.* at 597, 68 S.Ct. at 719, (quoting *Cromwell v. County of Sac*, 94 U.S. (4 Otto) 351, 352, 24 L.Ed. 195 (1877)). The Court then proceeded to apply the doctrine of *res judicata* to the area of federal income taxation as follows:

> Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus, if a claim of liability or nonliability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year.

*Sunnen*, 333 U.S. at 598, 68 S.Ct. at 719. The doctrine of *res judicata*, as described in *Sunnen*, has been consistently applied by this court to tax refund claims that have previously been litigated in the Tax Court. *See e.g., Cohen v. United States*, 2 Cl.Ct. 181 (1983) (refund claim for 1981 tax overpayment withheld to satisfy deficiencies found by Tax Court for previous years dismissed because previous Tax Court decision was *res judicata* ); *Vaitkus v. United States*, 230 Ct.Cl. 815 (1982) (doctrine of *res judicata* barred claim for *de novo* review of Tax Court decision); *Sun Chemical Corp. v. United States*, 218 Ct.Cl. 702 (1978) (Tax Court determination of 1961 tax liability was *res judicata*, barring attempt to carry back alleged net operating losses for 1964).

The case at bar is not distinguishable on the grounds that the minimum tax was not the subject of the previous Tax Court litigation. The cause of action before the Tax Court centered on the plaintiff's income tax liability for the years 1970 and 1971. Because the minimum tax is an income tax (*Mobley v. United States*, 8 Cl.Ct. 767 (1985)), the Tax Court did have jurisdiction over the minimum tax issue and this issue was a subject of that litigation. Thus, the Tax Court's decision "bars further litigation not only on those aspects of the [claim] which were actually raised, but also on the issues which could have been presented." *Erickson v. United States*, 309 F.2d 760, 159 Ct.Cl. 202, 216 (1962). Therefore, it was incumbent upon plaintiff to raise any objection to the determination of a minimum tax liability before the Tax Court or on appeal before the United States Court of Appeals for the Ninth Circuit. Having failed to do so, it is the conclusion of this court that the Tax Court's decision bars plaintiff from further litigating his claim before this court.

Although the court acknowledges that section 7482(a) of the Code provides that "[t]he United States Courts of Appeals shall have exclusive jurisdiction to review the decisions of the Tax Court," thus leaving this court without jurisdiction to review the Tax Court's decision, this court deems it appropriate to comment on the procedures accompanying the determination of plaintiff's income tax liability for the years 1970 and 1971.

■ Section 6212 of the Code provides that when a tax deficiency is found, the service is required to send a Notice of Deficiency to the taxpayer. Plaintiff in the instant case received a Notice of Deficiency on August 13, 1975, when the Service recharacterized some of his income from capital gains to ordinary income. Pursuant to section 6213 of the Code, the taxpayer has the right to petition the Tax Court to review the deficiency, during which time the assessment of the tax is abated. Plaintiff

exercised this right, and upon review the Tax Court held that the plaintiff's income constituted capital gains and entered its decision according to Rule 155 of the Tax Court. Section 6214(a) of the Code authorizes the Tax Court to redetermine a taxpayer's tax deficiency.[4] On July 24, 1980, the Tax Court, pursuant to section 6214(a) and Rule 155, redetermined the plaintiff's *income* tax deficiency for the taxable years 1970 and 1971. As part of its redetermination of plaintiff's tax liability, the Tax Court included the minimum tax on plaintiff's capital gains. The Tax Court's decision became final as defined by section 7481 when the Ninth Circuit affirmed the Tax Court's decision and plaintiff failed to file a petition for *certiorari* to the United States Supreme Court. When the Tax Court's decision became final, the Service notified plaintiff of its assessment for deficiency and demanded payment.

After reviewing the statutory framework and the procedures accompanying the determination of plaintiff's income tax liability as set out above, it is the view of this court that plaintiff had advance notice of the minimum tax issue and received the required Notice of Deficiency thus making the Tax Court's procedures entirely appropriate in the instant case.

### CONCLUSION

The court accordingly grants Defendant's Motion for Summary Judgment and the clerk is directed to dismiss the Complaint.

---

**4.** The pertinent part of section 6214(a) of the Code reads as follows:

> [T]he Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or addition to the tax should be assessed, if claim therefore is asserted by the Secretary at or before the hearing or a rehearing.