JACK R. MILLER, Senior Circuit Judge.
 

 This appeal in a tax refund suit
 
 [1]
 
 is from the judgment of the United States Claims Court dismissing appellants’ complaint based on the United States’ (“Government”) motion for judgment on the pleadings.
 
 [2]
 
 We affirm.
 

 The issue is whether the Claims Court’s order was erroneous, being based on its holding in
 
 O.B. Mobley, Jr. v. United States,
 
 8 Cl.Ct. 767 (1985), that the minimum tax is an income tax and the clear implication that, therefore, it is not an excise tax deductible under section 162 (trade or business expenses) or section 212 (expenses for production of income) of the Internal Revenue Code as argued by appellants.
 
 [3]
 
 In its order, 9 Cl.Ct. at 213, the Claims Court stated:
 

 In a word, plaintiff [Trainer] wishes to retry
 
 Mobley
 
 even though there is admittedly no factual distinction between
 
 [Mobley
 
 ] and
 
 Trainer.
 
 This court feels strongly that the decision in
 
 Mobley
 
 is correct and binding upon
 
 Trainer.
 
 Moreover, the holding in
 
 Mobley,
 
 as a matter of
 
 stare decisis,
 
 has precedential value vis-a-vis
 
 Trainer.
 

 The court’s position on the binding effect of
 
 Mobley
 
 rested on the circumstances that
 
 Trainer
 
 and
 
 Mobley
 
 were concurrent cases before the same judge with no factual differences of consequence and that Trainer elected to not consolidate with
 
 Mobley.
 

 Section 56(a) of the Internal Revenue Code (26 U.S.C. § 56(a)), cited by appellants and the Government as applicable to the taxable years involved, provides (emphasis supplied) that—
 

 there is hereby imposed for each taxable year,
 
 with respect to the income
 
 of every person, a tax equal to 15 percent of the amount by which the sum of the
 
 *1088
 
 items of tax preference exceeds the greater of—
 

 (1) $10,000, or
 

 (2) the regular tax deduction for the taxable year____
 

 The statute also provides that the tax is— [in] addition to the other taxes imposed by this chapter.
 

 The chapter referred to is Chapter 1, which is a part of Subtitle A of the Internal Revenue Code entitled “Income Taxes.” Excise taxes are provided for in Subtitles D and E. Appellants argue that this language is ambiguous because of use of the phrase “with respect to the income” rather than the phrase “on the income.” Indeed, they seek to rewrite the statute to read “with respect to the enjoyment of tax preferences” in order to support their argument that the minimum tax is an excise tax.
 

 Assuming, arguendo, that there is an ambiguity, the legislative history demonstrates the Congressional intent that the minimum tax be imposed on income. Thus, the House Report accompanying the bill that became the Tax Reform Act of 1969 states that
 

 an individual is to be allowed to claim the exclusions and deductions comprising
 
 tax preference income
 
 only to the extent that the aggregate amount of these preferences does not exceed one-half of his total
 
 income.
 

 (Emphasis supplied.) H.R.Rep. No. 413 (Pt. 1), 91st Cong., 1st Sess. 79 (1969), U.S.Code Cong. & Admin.News 1969, pp. 1645, 1725, 1969-3 C.B. 200, 249. The House Report continues:
 

 The application of the limit on tax preferences may be illustrated by the case of a taxpayer with $50,000 of salary and $150,000 of tax preference amounts. Under present law, such an individual is taxed only on his $50,000 of salary. Under the limit on tax preferences, he is to be required to pay tax on $100,000 of
 
 income
 
 (one-half his total
 
 income
 
 of $200,000).
 

 Revenue
 
 effect.—It is estimated that the limit on tax preferences will increase tax liability by $40 million in the calendar year 1970 and by $85 million a year when the provision is fully effective.
 

 Id.
 
 at 79-80, U.S.Code Cong. & Admin. News 1969, pp. 1726,1727. (Emphasis supplied.)
 

 Senate Rep. No. 552, 91st Cong., 1st Sess. 111-12 (1969), U.S.Code Cong. & Admin.News 1969, pp. 2037, 2142, 1969-3 C.B. 423, 495, refers to “economic income” from various tax preferences. In commenting on the House provisions for a limit on tax preferences, the Senate Report states that these “do not lend themselves to the taxation of preferences enjoyed by corporations” and points out that—
 

 a corporation with sufficient tax preferences ... could arrange to escape from their impact by merging with other corporations with relatively small amounts of
 
 tax preference income.
 

 (Emphasis supplied.)
 
 Id.
 
 at 113, U.S.Code Cong. & Admin.News 1969, p. 2144. The merger technique would not be relevant if the minimum tax were an excise tax.
 

 The Senate Report continues:
 

 Revenue
 
 Effect.—It is estimated that the 5-percent minimum tax will increase revenue by an estimated $650 million in 1970 and $700 million in the long run.
 

 Id.
 
 at 118, U.S.Code Cong. & Admin.News 1969, p. 2149.
 

 Conference Rep. No. 782, 91st Cong., 1st Sess. 301-02 (1969), U.S.Code Cong. & Admin.News 1969, pp. 2392, 2416, 1969-3 C.B. 644, 658-59, states:
 

 The House bill requires individuals with substantial amounts of otherwise
 
 tax-free income
 
 to pay significant amounts of tax through the use of two basic provisions: a limit on tax preferences which requires the individual taxpayer to aggregate his taxable income and his tax-free income and to include at least one-half of this amount in his tax base____
 

 The Senate amendment substitute for the two House provisions provides a minimum tax on
 
 preference
 
 income____ Under the Senate amendment
 
 tax prefer
 
 
 *1089
 

 ence income,
 
 after the deduction of a $30,000 exemption and after the deduction of the taxpayer’s regular Federal income tax, is taxed at a 10-percent rate.
 

 (Emphasis supplied.) The Conference Report states that the Conference substitute “follows the Senate amendment” with certain adjustments not pertinent to this case.
 

 We agree with appellants that the classification of a tax must be determined by its operation and effect (substance) rather than descriptive language used by Congress (form). However, appellants’ problem
 
 [4]
 
 is that they ignore the economic reality (substance) of tax preferences and the reduction of the income tax deduction for those preferences by application of the minimum tax. For example, appellants criticize the economic income theory as applied to the excess of accelerated depreciation over straight-line depreciation without considering the savings in interest that would otherwise be incurred on borrowed capital. The Senate Report accompanying the Tax Reform Act of 1976 referred to the benefit of tax deferral as “equivalent to an interest-free loan from the Federal Government.” Senate Rep. No. 938, 94th Cong., 2d Sess. 109 (1976). Nowhere in the reports of the House, the Senate, or the Conference is there any indication whatsoever that the estimates of revenue from the minimum tax are calculated by subtracting the minimum tax as an excise tax. Indeed, such a result would obviously frustrate the intent of Congress to “reduce drastically the ability of individuals to escape payment of tax on economic income.”
 
 [5]
 
 H.Rep. No. 413 (Pt. 1), 91st Cong., 1st Sess. 78, U.S. Code Cong. & Admin.News 1969, p. 1725.
 

 Appellants criticize cases cited by the Government for not meeting various points made in their arguments here. Of course, without the briefs and transcribed oral arguments in those cases, we do not know whether those points were made. If they were, the failure of the courts to respond to them does not mean they were not considered. If they were not, it does not follow that the cases are without precedential value.
 

 In addition to
 
 Mobley v. United States, supra,
 
 these cases include,
 
 inter alia: Wyly v. United States,
 
 662 F.2d 397, 405 (5th Cir. 1981), which held that the minimum tax is a tax on income and is therefore constitutional, citing
 
 Graff v. Commissioner,
 
 74 T.C. 743, 766-67 (1980),
 
 aff'd,
 
 673 F.2d 784 (5th Cir.1982). There the Tax Court cited
 
 Commissioner v. Glenshaw Glass Co.,
 
 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483
 
 reh’g denied,
 
 349 U.S. 925, 75 S.Ct. 657, 99 L.Ed. 1256 (1955), for the statement that “income may include virtually any economic benefit received by the taxpayer,” 74 T.C. at 766, and concluded that the tax preference deduction for long term capital gains “is modified in the case of a taxpayer subject to the minimum tax,” and tax deductions for accelerated depreciation “are readjusted.”
 
 [6]
 

 Id.
 
 In
 
 Ward v. United States,
 
 695 F.2d 1351, 1355 (10th Cir.1982), the court held that the minimum tax on intangible drilling and development costs is an income tax, quoting from
 
 Wyly.
 
 In
 
 Lubus v. United States,
 
 78-1 U.S.T.C.
 
 *1090
 
 IF 9242, 48 A.F.T.R.2d 81-5760 (2d Cir.1978), affirming an unreported 1977 decision of the District Court for Connecticut, the court stated that section 56 of the Internal Revenue Code “imposes a tax ‘[i]n addition to the other taxes’ imposed under the income tax provisions,” and that “Congress’s intention was ... to impose an additional tax upon high-income individuals with large amounts of nonwage income.” 78-1 U.S. T.C. at If 9243; 48 A.F.T.R.2d at 5760.
 
 See Kolom v. Commissioner,
 
 644 F.2d 1282 (9th Cir.),
 
 cert. denied,
 
 454 U.S. 1011, 102 S.Ct. 548, 70 L.Ed.2d 412 (1981), holding that the “bargain element” (upon exercise of a stock option) subject to the minimum tax is the difference between the mean price on the New York Stock Exchange on the date of exercise of the stock option and the option price; further, that the taxpayer’s unwillingness to sell his stock on the date of exercise of the stock option is “irrelevant” to the determination of fair market value.
 
 Id.
 
 at 1288. In
 
 Mobley,
 
 the Claims Court’s holding related to the tax preferences for intangible drilling and development costs and percentage depletion. The court well summarized its position, with which we agree, that it could not
 

 ignore the plain language of the statute, the intent of Congress as revealed in the legislative history, and the holdings of other courts.
 

 8 Cl.Ct. at 769.
 

 To support their argument that the minimum tax is an excise tax, appellants beg the question by stating:
 

 Congress chose to impose a tax directly on the privilege of enjoying the tax preferences that allowed ... taxpayers to avoid the payment of income tax. Accordingly, the minimum tax is imposed on the privilege of using and enjoying the tax preference items.
 

 As a matter of substance, however, the minimum tax reduces the income tax deduction for tax preferences. For simplicity, the total of tax preferences serves as the tax base. Appellants argue that Congress
 
 could have
 
 provided for adjustments to the individual tax preferences. But Congress did not do so, and the obvious complexity of such an approach compared to simply computing the minimum tax by applying the rate to the sum of tax preferences is a sufficient reason.
 
 [7]
 

 The Government cites the Supreme Court’s opinion in
 
 United States v. Darus-mont,
 
 449 U.S. 292, 101 S.Ct. 549, 66 L.Ed.2d 513 (1981), “where the Court repeatedly referred to the minimum tax as a ‘federal income tax’.” Although the holding of the Court was that amendments to the minimum tax provisions could be applied retroactively to the entire calendar year (1976) in which enactment took place without violating the Due Process Clause of the Fifth Amendment, so that, as appellants argue, the Court’s references constitute dicta, the dicta are particularly strong. For example, the Court in the
 
 first line
 
 of its opinion refers to the case as a “federal
 
 *1091
 
 income tax refund suit.”
 
 [8]
 
 Elsewhere, the Court refers to “the portion of appellee’s 1976 income tax liability attributable to the minimum tax imposed by § 56 of the Code on items of tax preference as defined in § 57.” 449 U.S. at 294, 101 S.Ct. at 550. Were this a “close” case, which we do not believe is so, the Court’s dicta would carry the day.
 

 In view of the foregoing, we hold that the minimum tax is an income tax and not an excise tax deductible under sections 162 or 212 of the Internal Revenue Code.
 

 Accordingly, the Claims Court’s order was not erroneous and is
 
 affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Appellants claim that they are entitled to a refund of taxes totaling $74,583.33 for the years 1974 and 1976 through 1980 plus interest thereon paid in the amount of $21,126.12 plus statutory interest.
 

 [2]
 

 . The case is reported at 9 Cl.Ct. 211 (1985).
 

 [3]
 

 . In
 
 Mobley,
 
 the Claims Court stated that it did not reach the taxpayers’ argument that the minimum tax is an excise tax deductible under sections 162 or 212 of the Internal Revenue Code. 8 Cl.Ct. at 773.
 

 [4]
 

 . Also that of
 
 amicus curiae
 
 Atlantic Richfield Company.
 

 [5]
 

 . If the minimum tax were deductible as an excise tax, a taxpayer in the fifty percent income tax bracket could effectively halve the impact of the minimum tax.
 

 [6]
 

 . Thus, it is the deduction for total tax preferences that is modified or readjusted by the minimum tax—not the tax preference items themselves. Appellants point to 26 U.S.C. § 58(h), which was added to the Code in the Tax Reform Act of 1976, to support their contention that economic benefit is the reduction in a taxpayer’s income tax—not the reduction in his
 
 income.
 
 Section 58(h) requires the Treasury Secretary to prescribe regulations “under which items of tax preference shall be properly adjusted where the tax treatment giving rise to such items will not result in the reduction of the taxpayer’s tax under this subtitle____” However, we are not persuaded that adoption of the tax benefit rule evidences any Congressional intent to change the economic income theory of the minimum tax. Senate Rep. 938,
 
 supra,
 
 states that the "minimum tax on tax preferences was enacted in 1969 in order to ensure that high-income individuals ... pay at least a minimum rate of tax on their tax preferences----”
 
 See also
 
 H.R. Rep. No. 658, 94th Cong., 1st Sess. 130 (1975). Appellants’ arguments that Congress never intended the minimum tax to be an adjustment to the basis of tax preference items is inapt
 

 [7]
 

 . Appellants cite Rev.Rul. 84-169, 1984-2 C.B. 216, which concludes that Congress intended the tax under section 4940(a), I.R.C., to be an excise tax on investment activity of a tax-exempt private foundation. However, the legislative history cited by the Ruling, unlike that cited earlier in this opinion, evidences Congressional intent to impose an
 
 excise
 
 tax. Appellants further cite Rev.Rul. 78-61, 1978-1 C.B. 221, and 26 C.F.R. § 1.901-2 relating to the credit allowed for income tax paid to a foreign country and complain that the Government has refused to analyze the minimum tax under the criteria set forth therein for determining whether a foreign tax is an income tax. One of the criteria is that the predominant character of the foreign tax is "that of an income tax in the U.S. sense." 26 C.F.R. § 1.901-2(a)(l)(ii). This turns on whether the gain on which the foreign tax is levied is "realized in the United States sense.” Rev.Rul. 78-61 states, however, that the United States income tax "does tax in certain limited situations the constructive or deemed receipt of income.”
 
 Id.
 
 at 223. That, of course, is what the minimum tax does, as a matter of substance. In any event, Rev.Rul. 78-61 is not binding on this court; and, although Treasury Regulations are of greater force and effect than Revenue Rulings, 26 C.F.R. § 1.901-2 was not issued until after the years involved here (T.D. 7918, Oct. 6, 1983, 1983-2 C.B. 113). Of greater relevance is 26 C.F.R. § 1.56-l(a) (1978), which states: “Section 56(a) imposes an income tax on the items of tax preference____ The items of tax preference represent income____"
 

 [8]
 

 . We note that in their STATEMENT OF THE CASE appellants, similarly to the Supreme Court in
 
 Darusmont,
 
 recite that this case "involves a suit for refund of income taxes."