**Stuart HIRSHFIELD and Susanne Hirshfield, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 99 CIV. 1828(RWS).**

United States District Court, S.D. New York.

Nov. 19, 2001.

Stuart A. Smith, Esq., New York City, for Plaintiffs.

Honorable Mary Jo White, United States Attorney for the Southern District of New York, New York City, By Sean H. Lane, Assistant U.S. Attorney, Of Counsel, for United States of America.

### OPINION

SWEET, District Judge.

Plaintiff Stuart Hirshfield and his wife, Susanne Hirshfield (the "Hirshfields"), have moved under Local Civil Rule 6.3 for reconsideration of the opinion of this Court dated May 30, 2001 (the "Opinion"), holding that it had no jurisdiction to consider their claim that the IRS notice for penalty and related interest was time-barred and that it was subject to the doctrine of *res*

*judicata.* For the reasons set forth below, reconsideration is granted, and upon reconsideration partial summary judgment is granted in favor of the Hirshfields.

The "intricate web of procedures for ascertaining and adjusting partnership income for tax purposes, and for adjudicating related claims" (Opinion, p. 1) has developed yet another complicating and perplexing strand.

Both the Hirshfields and the United States (the "government") agree that the jurisdictional bar raised by the Opinion was hoisted inappropriately.

As stated by the Hirshfields,

The jurisdictional question at issue turns on the definition of "partnership item." Simply put, this Court has jurisdiction over refund suits attributable to nonpartnership items but has no jurisdiction over suits for refunds attributable to partnership items.

(Memorandum of Law in Support of Plaintiffs' Motion, p. 3).

The difficulty of interpreting complex tax statutes has been eloquently described by Judge Learned Hand of this Circuit. *See* Learned Hand, *Thomas Walter Swan,* 57 Yale L.J. 167, 169 (1947).... Hence, the Court's misapprehension with respect to the notice of deficiency for affected items is understandable, especially in light of the parties' omission of any detailed discussion of the statutory classification of the penalty determination in their previous papers.

(*Id.* at p. 8).

The government agrees that the jurisdictional bar was inappropriately invoked, stating its position in a footnote:

As a technical matter, defendant agrees that penalties and related interest are not partnership items under Sec-

tion 7422(h). However, this distinction does not control the question of whether the plaintiffs can collaterally attack the June 6, 1994 decision of the Tax Court. As set forth below, the Court's Opinion is still applicable because plaintiffs' argument relates to an issue decided at a partnership level proceeding and common to all Stevens partners.

(Memorandum in Opposition to Plaintiffs' Motion, fn. 3, p. 6).

The complicating strand now revealed is the correctness of the statement set forth in the Opinion:

> Collateral district court actions attacking Tax Court judgments are barred by both Internal Revenue Code section 6512(a) and principles of res judicata.

(*Hirshfield*, 2001 WL 579783, at *13).

Upon reconsideration, the statement is correct, but its application inappropriate because of the particular issue presented here, considered in this light for the first time. The issue under consideration is the correct date of the entry of the Tax Court's decision which affects of the statute of limitations.

Here, the Hirshfields are not seeking to relitigate the merits of the Tax Court's determination. Rather, they are contesting the Tax Court's post-determination decision to vacate its entered decision in favor of a later-issued decision. The Opinion at page 24 has already stated that the Tax Court, as a statutory court, had no authority to take that action on June 6, 1994, after its February 23 decision became final 90 days thereafter on May 24, 1994. *See, e.g., Abatti v. Commissioner*, 859 F.2d 115, 117–18 (9th Cir.1988); *Lasky v. Commissioner*, 235 F.2d 97 (9th Cir. 1956), *aff'd*, 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598 (1957); *Lentin v. Commissioner*, 243 F.2d 907 (7th Cir.1957).[1]

The Hirshfields have relied upon *Commissioner v. Sunnen*, 333 U.S. 591, 597–98, 68 S.Ct. 715, 92 L.Ed. 898 (1948), dealing with *res judicata* in the context of federal tax litigation. There, the Court held that *res judicata* only bars relitigation of tax liability involving the same claim and the same taxable year. The Court stated:

> The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered

---

1. Once Section 7422(h) and the doctrine of *res judicata* are eliminated as procedural bars to plaintiff's claim, plaintiff is entitled to recover what is indisputably a time-barred tax pursuant to this Court's jurisdictional authority under 28 U.S.C. § 1346(a). Recently, in *Conway v. United States*, 50 Fed.Cl. 273 (2001), decided August 22, 2001, a refund suit brought by another Stevens partner, the Court of Federal Claims held that the Tax Court had the authority to vacate its February 23, 1994 decision. Significantly, the court rejected the government's similar reliance on the doctrine of *res judicata*. However, it rested its ruling upon "considerations of comity," which the government has never asserted in these cases. The court also relied upon Section 7459(c), the basis of Judge Hurley's first decision in *Carroll v. United States*, which, upon reconsideration, he later rejected and withdrew (2000–2 U.S.T.C. (CCH) ¶ 50,971). Although the Court of Federal Claims stated that it was aware of this Court's decision which approved Judge Hurley's ruling on reconsideration in *Carroll* as a "well-reasoned opinion" (slip op. 23), the Court of Federal Claims stated that it "[saw] the issue differently" (*Conway*, fn. 5).

for that purpose." *Cromwell v. County of Sac.*, 94 U.S. 351, 352, 4 Otto 351, 24 L.Ed. 1995. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. *See* von Moschzisker, "Res Judicata," 38 Yale L.J. 299; *Restatement of the Law of Judgments*, §§ 47, 48.

But where the second action between the same parties is upon a different cause or demand, the principle of *res judicata* is applied much more narrowly. In this situation, the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but "only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." *Cromwell v. County of Sac., supra*, 94 U.S. at 353 And *see Russell v. Place*, 94 U.S. 606, 4 Otto 606, 24 L.Ed. 214; *Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48, 18 S.Ct. 18, 27, 42 L.Ed. 355; *Mercoid Corp. v. Mid–Continent Co.*, 320 U.S. 661, 671, 64 S.Ct. 268, 273, 88 L.Ed. 376. Since the cause of action involved in the second proceeding is not swallowed by the judgment in the prior suit, the parties are free to litigate points which were not at issue in the first proceeding, even though such points might have been tendered and decided at that time. But matters which were actually litigated and determined in the first proceeding cannot later be relitigated. Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel. In this sense, *res judicata* is usually and more accurately referred to as estoppel by judgment, or collateral estoppel. *See Restatement of the Law of Judgments*,

§§ 68, 69, 70; Scott, "Collateral Estoppel by Judgment," 56 Harv. L.Rev. 1.

Whether the Tax Court had the authority to vacate its prior final decision was never "fought out" in the partnership proceeding. Indeed, the question of the timeliness of the notice of deficiency could not have been litigated previously in the Tax Court, or anywhere, because the notice of deficiency was not sent to the Hirshfields until July 3, 1995, long after both decisions of the Tax court became final. There was therefore no way for the Hirshfields to have sought direct review of the Tax Court's decision.

To counter the government's contention that they are barred by *res judicata* from pursuing a refund suit for the penalties and related interest, the Hirshfields cite Internal Revenue Service National Office Chief Counsel Advice No. 200134003 (April 6, 2001), released August 24, 2001, where the IRS Chief Counsel conceded that a taxpayer who is similarly situated to the Hirshfields but whose case against the penalties is pending in the Tax Court "can ... challenge whether the penalty affected item notice subject to the current proceeding was issued within one year of the date the decision in the underlying partnership proceeding became final." (p.3). The Advice draws the distinction between a challenge to the timeliness of the FPAA (which the IRS Chief Counsel asserts must be raised in the partnership proceeding) and a challenge to the timeliness of the notice of deficiency.

The decisions cited by the government involved prior judgments which adjudicated the merits of a tax deficiency by the Tax Court. In such situations, Section 6512(a) prevents a taxpayer from relitigating the merits of a tax deficiency upheld by the Tax Court in a refund suit in the district court. *See, e.g., Long v. United States*, 1990 WL 157513 (D.Minn.1990)

(summary judgment by Tax Court bars relitigation by subsequent refund suit); *Roberts v. United States,* 423 F.Supp. 1314 (C.D.Cal.1976) (same); *Yamamoto v. United States,* 9 Cl.Ct. 207 (1985) (same). Here, however, the Tax Court did not adjudicate the question of when the one-year plus 90 day statute of limitations for the issuance of a notice of deficiency expired under Section 6229(d).

*Katchis v. United States,* No. 98 Civ. 2703(LMM), 1999 WL 500147 (S.D.N.Y. 1999), upon which the government relies (Mem.7–8), is distinguishable. There, the Tax Court entered a decision upholding the IRS' readjustment of partnership items set forth in a Final Partnership Administrative Adjustment ("FPAA"). Thereafter, the plaintiff received a notice of assessment, paid the tax, and sued for a refund on the ground that the Tax Court lacked jurisdiction to enter the order. On these facts, the district court dismissed the suit on the grounds of *res judicata.* But in so holding, the district court emphasized that the plaintiffs had an opportunity to raise the issue of the Tax Court's jurisdiction in the Tax Court by participating in the partnership proceeding. 1999 WL 500147. Here, in marked contrast, the Hirshfields in this aspect of this case are not challenging the validity of the partnership readjustments upheld by the Tax Court at the partnership level, but the timeliness of the nonpartnership item penalty determinations that were set forth in the notice of deficiency which were not adjudicated in the partnership proceeding, a question which only ripened into existence after July 3, 1995.

### Conclusion

For the reasons stated above, the motion of the Hirshfields for reconsideration and their motion for partial summary judgment for penalties and related interest are granted.

Settle judgment on notice.

It is so ordered.