Robert B. TRAINER and Sirin D. Trainer, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 61-85T.

United States Claims Court.

Dec. 5, 1985.

Buford P. Berry, Dallas, Tex., for plaintiffs.

W.C. Rapp, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., for defendant.

---

## ORDER

MOODY R. TIDWELL, III, Judge.

The cases of *O.B. Mobley, Jr., etc. v. United States*, No. 620–81T and *Michael Stranahan v. United States*, No. 322–82T, were consolidated on October 5, 1982, because they 'called for the determination of substantially identical issues.[1] Pursuant to RUSCC 77(f)(2), counsel for defendant in *Robert B. Trainer and Sirin D. Trainer v. United States*, No. 61–85T notified the court that the issue in *Trainer* appeared to be the same issue in *Mobley*, thereby indicating that consideration should be given to consolidating the three cases.

*Trainer* was reassigned to Judge Tidwell who ordered counsel in the three cases to contact each other to discuss the possibility of consolidation. Thereafter, on August 9, 1985, a telephone conference was held by the court with counsel in the three cases to discuss consolidation of *Trainer* with *Mobley*. There was consensus that the factual background of the three cases were similar but that *Trainer* was substantially behind *Mobley* in the pretrial process. Counsels for *Mobley* argued against consolidation with *Trainer* because *Trainer* was a relatively "new" case that had been filed in January of 1985 and would most likely not be ready for trial for many months.[2] The court agreed with counsels for plaintiffs that it would be manifestly unfair to postpone oral arguments until *Trainer* would be prepared to participate. Thereafter, counsel for defendant in *Trainer* filed a motion for suspension of proceedings pending outcome of *Mobley*.

The court denied the latter motion and four days later issued an Opinion in *Mobley* holding that the minimum tax imposed by section 56 of the Internal Revenue Code is a non-deductible income tax and not a deductible excise tax. Thereafter, on October 11, 1985, defendant filed a Motion for Judgment on the Pleadings pursuant to RUSCC 12(c) which states:

*Motion for Judgment on the Pleadings.* After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

■ Plaintiff in this case filed its Complaint on January 29, 1985; defendant answered on May 29, 1985. The pleadings are closed and the court finds them to be comprehensive of plaintiff's and defendant's legal and factual positions. The court has carefully studied defendant's Notice of Related Cases of June 28, 1985, defendant's Motion for Judgment on the Pleadings of October 11, 1985, plaintiff's Objection to defendant's Motion for Judgment on the Pleadings of November 12, 1985 and plaintiff's Motion (1) requesting an Order denying defendant's Motion for Judgment on the Pleadings and (2) for leave to file a Motion for Summary Judgment, and the Reply of defendant in Support of its Motion for Judgment on the Pleadings, of November 18, 1985. The court is satisfied that plaintiff put forward no matters outside of the pleadings and that accordingly, the court may properly consider Defendant's Motion for Judgment on the Pleadings without treating it as a Motion for Summary Judgment. RUSCC 12(c).

■ Following Defendant's Motion for Judgment on the Pleadings, plaintiff filed its Objection and defendant replied thereto. Trainer's Objection to defendant's Motion for Judgment on the Pleadings acknowledged that their case is "probably" covered by the court's decision in *Mobley;* however, *Trainer* disagrees with the decision of the United States Claims Court and wishes to

---

1. Because these two cases were consolidated and only one Opinion issued disposing of both, the court hereafter references both by citing to *Mobley*.

2. *Mobley* had been filed in 1981 and *Stranahan* in 1982.

take *Trainer* on appeal to the United States Court of Appeals for the Federal Circuit. This court has no objection to an appeal of the issue and, in fact, encourages it in order to interpret the law, at least within this one relatively small area of the law.

Unfortunately, *Trainer* elected not to consolidate with *Mobley* and now desires an opportunity, which it may have in any event, to bring its case to the United States Court of Appeals for the Federal Circuit by requesting more expansive proceedings before this court. In a word, plaintiff wishes to retry *Mobley* even though there is admittedly no factual distinction between those cases and *Trainer*. This court feels strongly that the decision in *Mobley* is correct and binding upon *Trainer*. Moreover, the holding in *Mobley,* as a matter of *stare decisis,* has precedential value vis-a-vis *Trainer*. The issue in *Trainer* has been adequately addressed and answered. In plaintiff's request to file a Motion for Summary Judgment, counsel states that the issues are the same as in *Mobley* and that "plaintiffs anticipate that the court may not rule in their favor." *Trainer* merely wishes an opportunity to persuade the court that it ruled incorrectly in *Mobley* and, if it does not prevail to place itself into a proper posture for appeal.

*Trainer* simultaneously filed a "Motion" requesting the court to deny Defendant's Motion for Summary Judgment and to grant *Trainer* permission to file a Motion for Summary Judgment within 30 days of the court's "favorable" order. *Trainer's* reasons therefor are the same as cited in its Objection to Defendant's Motion for Judgment on the Pleadings, and need not be repeated at length here.

It is a truism that plaintiff could have filed a Motion for Summary Judgment. See RUSCC 56(a), 12(c). However, even if, *arguendo,* plaintiff filed a Motion for Summary Judgment, it could not prevail, as proved by plaintiff's own pleadings. In its Motion and in its Objection to Defendant's

Motion for Judgment on the Pleadings, plaintiff acknowledges "that there (sic) case is covered by the Court's decision in *Mobley and Stranahan* (sic) because there is no significant factual distinction between those cases and their case." Defendant agrees. That being the case plaintiff met the basic criteria for summary judgment disposition in that there are admittedly no facts of genuine issue to litigate. *See* RUSCC 56(d). Following the circuit of logical consequences, however, leads plaintiff back to the impenetrable jungle, *i.e., Mobley.* There are no facts of genuine issue or differences of consequence between *Trainer* and *Mobley* and, contrary to plaintiff's deepest wishes, the law, as personified in the latter opinion, and long list of supporting cases cited therein, would lead quickly to a judgment identical to *Mobley,* to wit:

> Faced with the plain language of the statute, its legislative history, and the holdings of [this and] other courts, we hold that the minimum tax is an income tax. . . .

*Mobley,* at 6.

Plaintiff has failed to show any significant reason why its case should be litigated further. Accordingly, defendant's Motion for Judgment on the Pleadings is granted, plaintiff's Motion for an Order Denying Defendant's Motion for Judgment on the Pleadings is denied as is plaintiff's Objection to defendant's Motion for Judgment on the Pleadings.[3] The Clerk is directed to dismiss the Complaint.

IT IS SO ORDERED.

---

**3.** Plaintiff, it will be recalled, requested permission of the court to file a Motion for Summary

Judgment. In view of this Order the issue is moot and need not be addressed.